IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00853

THERMACELL REPELLENTS, INC., a Massachusetts corporation,

　　Plaintiff,

v.

AOQILIN INTERNATIONAL TRADING LLC, a Colorado limited liability company,

　　Defendant.

## VERIFIED COMPLAINT

NOW COMES Plaintiff, THERMACELL REPELLENTS, INC., by and through its undersigned counsel, and for its Verified Complaint against Defendant, AOQILIN INTERNATIONAL TRADING LLC, states as follows:

### PARTIES

1.　　Plaintiff, Thermacell Repellents, Inc. ("*Thermacell*"), is a corporation organized and existing in good standing under the laws of the State of Massachusetts, and the manufacturer of premium outdoor mosquito protection devices, sold and marketed under the Thermacell® brand name and various federally-registered trademarks.

2.　　Defendant, AOQILIN International Trading LLC ("*Defendant*"), is a limited liability company, organized and existing under the laws of the State of Colorado, and is a reseller of products on Amazon.com, Inc.'s e-commerce website ("*Amazon*"). On information and belief, the Member of Defendant is named Taisen Fang with an address of 1101 N. Gaylord Street, Denver, Colorado 80206.

**JURISDICTION AND VENUE**

3. This action arises out of the Defendant's unfair, unlawful and infringing use of Thermacell's trademarks, trade names, trade dress and copyrights, including its federally registered trademarks. This Court has jurisdiction over this civil action brought under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127 (the "*Lanham Act*"), with jurisdiction being conferred in accordance with 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391 because Defendant is organized and existing as a Colorado limited liability company.

5. This Court has personal jurisdiction over Defendant as it resides in this judicial district and advertises and sells products in this judicial district via e-commerce websites including Amazon.

**FACTS**

6. Thermacell is an internationally recognized manufacturer, distributor and direct-to-consumer seller of premium outdoor products, including mosquito repellant devices. Its products include United States Environmental Protection Agency ("*EPA*") registered insect repellents and repeller devices such as the E55, Refills and Mats (as such terms are defined herein). Per the EPA's website, insect repellents and associated devices that do not bear a proper EPA registration number have not been evaluated by the EPA and the EPA cannot advise consumers about the effectiveness of the products.

7. Thermacell has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its products and is the owner of the United States Federal Trademark Registration No. 2622561, for the word mark "THERMACELL" for

devices having a heating element powered by cartridge, which is valid and incontestable (the "***Thermacell Trademarks***").

8. Thermacell's products are distributed and sold to consumers throughout the United States, under the Thermacell Trademarks, through Thermacell's authorized retailers, including on its first-party Amazon storefront its own internet website, thermacell.com.

9. Thermacell has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Thermacell Trademarks. As a result, products bearing the Thermacell Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality, premium products sourced from Thermacell.

10. Thermacell has the exclusive right, subject to such licenses it has granted, to use the Thermacell Trademarks in connection with the goods identified therein and other commercial goods. Thermacell has not granted Defendant a license or other authorization to use the Thermacell Trademarks or to advertise, promote, distribute, display, sell or offer goods for sale under the Thermacell Trademarks.

11. Labels on Thermacell's pesticide and repellent products, including the Thermacell® E-Series Rechargeable Mosquito Repeller with 20' Protection Zone ("***E55***"), the Thermacell® Rechargeable Mosquito Repeller Refills ("***Refills***") and the Thermacell® Mosquito Repellent Mat Only Refills ("***Mats***"), are reviewed, evaluated and approved by the EPA, in accordance with the Code of Federal Regulations, 40 C.F.R § 156.10, and must bear the following information:

      a. the trademark under which the product is sold,
      b. the name and address of the producer or registrant of the product,
      c. the product registration number,
      d. the producing establishment number,
      e. an ingredient statement,

  f. hazard and precautionary statements;

  g. directions for use; and

  h. the use classification.

  12. In or around October 2022, Thermacell discovered that Defendant was selling Thermacell® devices and refills, specifically, the E55, the Refills and the Mats, to consumers throughout the United States, on Amazon via the Amazon "AOQILIN STORE" at prices substantially lower than those offered by Thermacell and approved resellers of similar products sold under the Thermacell Trademarks. Thermacell has no record of sales to Defendant or to any retailer or distributor associated with Defendant.

  13. On or about November 6, 2022, in response to Thermacell's demand and inquiry, Amazon requested that Defendant remove product listings for Thermacell® products. Defendant contacted Thermacell's agent, apologized for unauthorized selling and requested information on how to "properly sell the product on Amazon and get an authorization letter from Thermacell."

  14. In early November 2022, upon Thermacell's further inquiry, Defendant produced an invoice (with prices redacted), purporting to be from one of Thermacell's distributors in Hong Kong (identified on Thermacell's website), New Frontier International Development Limited ("***New Frontier***"). The invoice included New Frontier's logo, which is displayed on its website. Defendant falsely claimed the purported invoice was issued to it by New Frontier for Defendant's wholesale purchase of Thermacell® products.

  15. On November 11, 2022, New Frontier advised Thermacell that the purported invoice was a forgery and denied shipping product to Defendant or to the address indicated on the invoice and further denied having any other commercial relationship with Defendant. New Frontier further noted that it did not source certain items identified on the invoice as being sold by it to Defendant.

4

16. A search of import records related to Defendant did not identify any EPA-regulated pesticide products being imported by Defendant.

17. Defendant admitted to selling products on Amazon under the Thermacell Trademarks without authorization and misrepresented the origin of the products upon inquiry.

18. Despite diligent investigation, Thermacell is unable to determine the origin of the E55, Refills and Mats being sold by Defendant on Amazon. Thermacell is the only importer of record for the E55, the Refills and the Mats and the products may have been imported into the US without Thermacell's permission, as the importer of record. Thermacell cannot determine whether the products are genuine or imitation products, and as such, the products are being sold without a recognized valid and correct EPA registration number, and in such a case, are mislabeled, in violation of 40 C.F.R § 156.10 as per the Federal Insecticide Fungicide and Rodenticide Act. The products sold by Defendant under the Thermacell Trademarks are counterfeit or "grey market goods".

19. Defendant has unlawfully used the Thermacell Trademarks in its marketing, advertising, promotion, offers for sale and sale of counterfeit and/or grey market goods. Thermacell has been and continues to be irreparably harmed through consumer confusion and tarnishment of its valuable trademarks as a result of Defendant's unlawful actions.

20. Defendant has actively manipulated its prices on Amazon for the counterfeit and/or grey market goods to undercut Thermacell's prices and divert sales of authentic Thermacell® products from Thermacell.

21. Defendant's actions are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the counterfeit and/or grey market goods marketed, advertised, promoted and sold by

Defendant are authentic or authorized products of Thermacell, that the products have been properly approved for sale by the EPA and that the goods are recognized as safe for use.

22. Defendant markets, advertises, promotes and sells the counterfeit and/or grey market goods as authentic Thermacell® products, despite that they materially differ from genuine Thermacell® products authorized for sale in the United States with respect to warranty coverage and compliance with applicable law. Specifically, the counterfeit and/or grey market goods are not covered by Thermacell's product warranty. Thermacell disclaims its warranty as to products sold by unauthorized resellers; and the EPA-approved label for the E55, Refills and Mats, states: "To the extent permitted by applicable law, Thermacell will not be held responsible for damage injury or product performance issues caused by use of other repellent refills or any other products or components not manufactured or sold by Thermacell." Furthermore, the products are not recognized as approved by the EPA and, therefore, may not legally be used in the United States. When consumers purchase authentic Thermacell® products, they expect the purchase to be fully warranted by Thermacell and to be recognized as EPA compliant.

23. Defendant is well aware of the strength of the Thermacell brand, the Thermacell Trademarks, and the incalculable goodwill associated therewith, as evidenced by its request to become an authorized seller and its price manipulation to unfairly compete with Thermacell for sales.

24. Defendant has willfully participated in unfair competition against Thermacell in violation of the Lanham Act.

25. Defendant' s knowing and deliberate misuse of the Thermacell Trademarks and the marketing, advertising, promotion and sale of counterfeit and/or grey market goods have caused, and continue to cause, substantial and irreparable harm to Thermacell's goodwill and reputation.

26.     Thermacell does not have an adequate remedy at law, with respect to this harm and therefore, seeks the entry of an injunction preventing Defendant from marketing, promoting, advertising, offering for sale or selling Thermacell® products on Amazon.

27.     Defendant has profited as a result of its sales of counterfeit and/or grey market goods.

28.     Thermacell has been pecuniarily damaged as a result of Defendant's sale of the counterfeit and/or grey market goods due to loss of valuable goodwill and diversion of sales of authentic Thermacell® products of over One Million Three Hundred Thousand Dollars ($1,300,000).

WHEREFORE, for the reasons set forth above, Plaintiff, Thermacell Repellents, Inc., respectfully requests entry of judgment in its favor and against Defendant as follows:

A.     Finding that Defendant has violated Section 43 of the Lanham Act (15 U.S.C. §1125(a)).

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with it from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Thermacell Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the E55, the Refills, the Mats or any other counterfeit of grey market goods, and engaging in any other activity constituting an infringement of any of

>>Thermacell's rights in the Thermacell Trademarks; and

>>2.       engaging in any other activity constituting unfair competition with Thermacell, or acts and practices that deceive consumers, the public, and/or the trade, including without limitation, the use of designations and design elements associated with Thermacell.

>C.       Requiring Defendant to file with this Court and serve on Thermacell within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

>D.       Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Thermacell, or is related in any way with Thermacell and/or its products.

>E.       Awarding Thermacell actual damages and disgorgement of Defendant's profits in such an amount as assessed.

>F.       Awarding Thermacell its costs, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117).

>G.       Awarding Thermacell pre-judgment interest on any monetary award made part of the judgment against Defendant.

>H.       Awarding Thermacell such additional and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/  Elaine S Vorberg*
Elaine S Vorberg, # 3157992
McCarthy Duffy LLP
180 N. LaSalle Street, Suite 3150
Chicago, IL 60601
Telephone: (312) 726-6395
Email: evorberg@mccarthyduffy.com
Attorney for Plaintiff, Thermacell Repellents, Inc.

9

## **VERIFICATION**

1. I am the Chief Executive Officer of Thermacell Repellents, Inc., the Plaintiff in this matter.

2. The factual allegations in the foregoing Verified Complaint are true and correct.

3. I verify under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2023

_____
Juliana Litterio, CEO